**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1864
_____

JARIUS DAVIS,
Appellant

v.

THE SALVATION ARMY
_____

On Appeal from the United States District Court
For the Eastern District of Pennsylvania
(D.C. No. 2-22-cv-04980)
District Judge: Honorable Mark A. Kearney
_____

Submitted Under Third Circuit L.A.R. 34.1(a) on
March 27, 2024

Before: RESTREPO, MATEY, and McKEE, *Circuit Judges*

(Opinion filed: April 23, 2024)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**McKEE**, *Circuit Judge*

The District Court granted summary judgment to Defendant based upon the Court's conclusion that Plaintiff had failed to produce evidence that Defendant's negligence caused Plaintiff to be assaulted by one of Defendant's volunteers. Specifically, the District Court concluded that Plaintiff had not adduced admissible evidence that the assailant had any connection to Defendant. We agree, so we will affirm.

## I.[1]

As the District Court explained, Plaintiff's negligence claim could be viewed in two ways. Plaintiff's claim could be viewed either as a claim that Defendant negligently supervised its agent or as a claim that Defendant negligently failed to protect Plaintiff generally.

Plaintiff's claim necessarily fails on the first theory because there is no admissible evidence that the assailant was Defendant's agent. Plaintiff is unable to cite to any evidence to establish agency beyond repeating the statements of Plaintiff and Plaintiff's mother, and we see nothing in the record to establish any relationship between the alleged assailant and the Plaintiff.

The only potential evidence of the assailant's connection with Defendant is Plaintiff's mother's statement that she spoke to someone "on the phone" who "ran

---

[1] When reviewing a summary judgment order, "[o]ur standard of review is plenary." *Ellis v. Westinghouse Elec. Co., LLC*, 11 F.4th 221, 229 (3d Cir. 2021). When we review evidentiary rulings, we generally review for abuse of discretion. *Great Am. Ins. Co. v. Norwin Sch. Dist.*, 544 F.3d 229, 251 (3d Cir. 2008).

[Defendant's] Ridge Avenue location" and who told Plaintiff's mother during the phone call that the assailant "had [been] adjudicated . . . as a sexual offender" and that a "court" had either "placed" the assailant at the camp or "approved" of the assailant volunteering at the camp. But this statement is inadmissible hearsay.[2]

Defendant argues that this statement falls within the hearsay exception for statements against interest. But we disagree. That rule requires that the statement be against the "*declarant's*" interest.[3] While this statement might be against Defendant's interest, it was not against the declarant's interest. Nowhere does the statement suggest that the declarant himself had any responsibility for the assailant's conduct or presence at the camp, such that the statement could expose the declarant to personal liability.[4]

Accordingly, Plaintiff has not adduced admissible evidence that the assailant was Defendant's agent.

Plaintiff's claim fails on the second theory of negligence—that Defendant generally failed to protect Plaintiff—for similar reasons. Even where a defendant has an affirmative duty to protect a plaintiff, the defendant's duty is necessarily limited by the

---

[2] Plaintiff does not argue on appeal that this statement is non-hearsay as an opposing party's statement under Federal Rule of Evidence 801(d)(2), and any such argument would fail. The District Court correctly explained that the statement could not be admitted as a party-opponent's statement because there was insufficient evidence identifying the declarant.

[3] *See* Fed. R. Evid. 804(b)(3)(A) (emphasis added).

[4] Furthermore, Federal Rule of Evidence 804(b)(3) applies only when the declarant is "unavailable." Fed. R. Evid. 804(a). The proponent of a hearsay statement bears the burden of proving that the declarant is unavailable. *Kirk v. Raymark Indus., Inc.*, 61 F.3d 147, 165 (3d Cir. 1995). Here, there is no evidence pertaining to the declarant's availability.

3

extent of the defendant's knowledge.[5] But as discussed above, Plaintiff has not produced any evidence that Defendant knew of the specific risk presented by the assailant or even of assailant's presence at the park. Plaintiff seems to argue that, as an organization "serv[ing] and supervis[ing] children," Defendant should have known that its summer camp could attract "child sexual predators."[6] Even if we accept this assertion, however, Plaintiff has still failed to identify evidence that Defendant's efforts to prevent predatory members of the public from entering the camp fell below the appropriate standard of care.

## II.

For these reasons, we will affirm the District Court's order.

---

[5] *Morena v. S. Hills Health Sys.*, 501 Pa. 634, 642 (1983).
[6] Appellant Br. 8–9.